UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M.M.V. *et al.*,

    *Plaintiffs*,

v.

WILLIAM P. BARR *et al.*,

    *Defendants*.

Civil Action No. 19-cv-2773 (TJK)

## ORDER

Plaintiffs in this action are 126 individuals seeking asylum in the United States. They challenge a collection of "regulations, directives, guidance and/or procedures [that] are written [but] have not been made public" and that, according the Plaintiffs, have unlawfully altered the credible-fear determination process. ECF No. 1 ¶¶ 4–6. These changes, they claim, have been implemented following the issuance on July 16, 2019, of a rule imposing a new restriction on asylum eligibility, Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829 (July 16, 2019) ("the July 16 Rule"). *See* ECF No. 1 ¶ 1. Soon after Plaintiffs filed their complaint, Defendants flagged this action as related to two cases directly challenging the legality of the July 16 Rule —*Capital Area Immigrants' Rights Coalition et al. v. Trump et al.*, Civil Action No. 19-2117, and *I.A. et al. v. Barr et al.*, Civil Action No. 19-cv-2530—currently pending before the undersigned, *see* ECF No. 3; ECF No. 4, a designation that Plaintiffs dispute, *see* ECF No. 5. Because the undersigned agrees with Plaintiffs, the case will be randomly reassigned.

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000); *see also* LCvR 40.3(a). However, Local Civil Rule 40.5 provides an exception for cases that are "related"—that is, cases that "(i) relate to common property, or (ii) involve common issues of

fact, or (iii) grow out of the same event or transaction[,] or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). The party seeking to invoke the exception bears the burden of showing relatedness, and that burden is a heavy one. *See Trump v. Comm. on Ways & Means, U.S. House of Representatives*, Case No. 1:19-cv-02173 (TNM), 2019 WL 3388537, *1 (D.D.C. July 25, 2019).

Though the Court finds that this presents a close call, it ultimately concludes that Defendants have not met that heavy burden here. Plaintiffs repeatedly make clear in their complaint that they do not challenge the July 16 Rule. *See* Compl. ¶ 5 n.2; *id.* ¶ 96. Rather, they challenge various regulations and directives that they allege were implemented in the wake of the July 16 Rule and that have altered how Defendants conduct credible fear interviews. *See* Compl. ¶¶ 99–120 (labeling and describing each alleged policy); *see also* ECF No. 11 ¶¶ 1–4 (confirming that they are challenging separate policies and directives from the July 16 Rule). In spite of those clear statements, Defendants insist that Plaintiffs are actually challenging the application of the July 16 Rule to them. *See* ECF No. 6 at 4.[1] But Defendants may not repackage Plaintiffs' complaint as Defendants see fit. Plaintiffs have chosen to challenge alleged regulations and policies separate and apart from the July 16 Rule—a choice that they must be held to as the parties litigate their claims, but one that cannot be ignored in determining relatedness.

Accepting Plaintiffs' conception of their own claims, the Court sees only a circumstantial relationship to the cases challenging the July 16 Rule. To the extent these alleged policies and

---

[1] On that note, Defendants appear to be mistaken when they contend that Plaintiffs seek an order enjoining Defendants from applying the *July 16 Rule* to them. *See* ECF No. 6 at 2, 5. Rather, Plaintiffs ask the Court to enjoin application of the various regulations, directives, guidance, and procedures that they claim have been implemented subsequent to and in conjunction with the July 16 Rule. *See* Compl. ¶¶ 4–5; *id.* at 46 (Prayer for Relief).

directives exist, they will involve a separate administrative record and enactment process. And if Plaintiffs' allegations are mistaken—that is, if the alleged procedures are actually just direct applications of the July 16 Rule—Plaintiffs have conceded that that is outside the bounds of their complaint.

To be sure, at several instances in their complaint, Plaintiffs suggest that these alleged policies are in some respects related to the July 16 Rule. *See, e.g.*, Compl. ¶¶ 100, 112, 117, 162. But it does not necessarily follow that the cases "grow out of the same event or transaction." Plaintiffs' claims here stem from Defendants' alleged decisions to issue *additional* procedures for conducting the credible-fear screening process, events that occurred *after* and *apart from* the issuance of the July 16 Rule. *See* ECF No. 11 ¶ 3 (alleging that the challenged policies were issued "after implementation of [the July 16 Rule]"). This is, in the Court's view, an insufficient basis on which to conclude that the claims of the parties in each case grow out of the same event or transaction. To conclude otherwise would read the "same event or transaction" provision too broadly, particularly in light of the strong preference courts in this District have shown in reserving the relatedness exception for only those circumstances where the relationship is "certain" so as to ensure public confidence in the impartiality of the judiciary. *Dakota Rural Action v. U.S. Dep't of Agric.*, Civil Action No. 18-2852 (BAH), 2019 WL 1440134, *1 (D.D.C. April 1, 2019).

For these reasons, the Court finds that Defendants have not met their heavy burden to demonstrate that this case is related to those challenging the July 16 Rule. Accordingly, it is

4

hereby **ORDERED** that this case shall be sent to the Calendar and Case Management Committee for random reassignment.

       **SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: September 25, 2019