UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.M.V., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, in his official capacity as Attorney General of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 19-2773 (ABJ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO JOIN ADDITIONAL PARTIES

After twice amending their complaint, and subsequent to the conclusion of briefing regarding Plaintiffs' motion for a temporary restraining order ("TRO") and Defendants' motion to dismiss for lack of jurisdiction, Plaintiffs now request permissive joinder under Rules 20 and 21 of the Federal Rules of Civil Procedure to add three additional aliens as plaintiffs. *See* Pls.' Mot. (ECF No. 78). Specifically, Plaintiffs seek to amend their complaint to add a family unit consisting of F.F.A.[1] (a father from Mexico), D.A.B. (a mother from Honduras), and A.A.B. (an infant born in Mexico). *Id.* Plaintiffs state that these aliens are subject to expedited removal proceedings and purport to challenge a portion of the alleged unwritten policies, procedures, and directives described as "challenged actions" in Plaintiffs' second amended complaint. *Id.* at 1-2. As discussed below, the Court should deny Plaintiffs' motion because the family unit's claims do not arise out of the same transaction or occurrence as the existing Plaintiffs, and the government

---

[1] The Court has permitted all Plaintiffs (and proposed Plaintiffs) in this action to proceed under pseudonym.

would be prejudiced by their addition.  In addition, such amendment would be futile because the family unit's claims are time-barred.

## LEGAL STANDARDS

Under Rule 20 of the Federal Rules of Civil Procedure, persons may join in one action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  "The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits."  *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (quoting *Puricelli v. CAN Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)).

## ARGUMENT

## I.     Plaintiffs Have Failed to Demonstrate That the Family Unit's Claims Arise Out of the Same Transaction, Occurrence, or Series of Transactions or Occurrences.

First, Plaintiffs have failed to demonstrate that their claims arise out of the same "series of transactions or occurrences" as required by Rule 20(a).  A series of transactions or occurrences refers to those events that are "logically related."  *Spaeth v. Michigan State University College of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012).  The "logical relationship" test is "flexible," *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004), and is to be "construed in a legal climate that favors joinder," *Alexander v. Edgewood Mgmt. Corp.*, 321 F.R.D. 460, 463 (D.D.C. 2017).

Here, Plaintiffs' motion fails to provide any explanation of how the family unit's claims arise out of the same transaction, occurrence, or series of transactions or occurrences as the existing Plaintiffs.  *See* Pls.' Mot. at 2-4 (explaining that the family unit also wishes to challenge

eight of the alleged policies based on similar arguments).  Notably, Plaintiffs' second amended

complaint focuses exclusively on the credible fear passage rates and alleged policies at the South

Texas Family Residential Center in Dilley, Texas.  *See e.,g.*, 2d Am. Compl. ¶¶ 2, 141, 148, 152,

159.  However, the family unit at issue here is detained at a different facility in Berks County,

Pennsylvania.  Plaintiffs take no account of this apparent disconnect or how it might affect or

otherwise expand upon the allegations in the second amended complaint related to the South

Texas facility.  Instead, Plaintiffs make a passing reference to two exhibits attached to their

motion.  *See* Pls.' Mot. at 1 (¶ 2).  Looking to the substance of those exhibits, Plaintiffs provide a

sworn statement from D.A.B., which describes the circumstances regarding her asylum claim

and her family's asylum interview.  *See* D.A.B. Statement (ECF No. 78-1) ¶ 1.  Plaintiffs also

provide undated correspondence from Plaintiffs' counsel that appears to indicate that the family

unit received a negative credible fear determination, which was reviewed by an Immigration

Judge.  *See* Request for Reconsideration of Negative Credible Fear Finding (ECF No. 78-2) at 2

(stating that its the family unit's "belief that . . . [D.A.B.] is not subject to the transit ban, and that

she and her family were erroneously issued a negative fear finding").  But these exhibits add

little insight into any similarity here.

While Defendants acknowledge that the scope of permissive joinder under Rule 20(a) is

broad, *see M.K.*, 216 F.R.D. at 143, Plaintiffs' motion casts too wide a net to permit joinder here.

Aside from the fact that the family unit was issued a negative credible fear determination, there

is no evidence that the family unit's claims arose out of the same transaction or occurrence or

series of occurrences.  Indeed, each year thousands of aliens in expedited removal proceedings

claim a fear of persecution or torture, or express an intention to apply for asylum and receive a

credible fear screening.  Simply because the family unit wishes to contest the same alleged

"challenged actions" as the Plaintiffs in this lawsuit—many of which Defendants have denied the existence of—is not enough to support Plaintiffs' motion.  This point is further underscored by the fact that, in carefully limiting judicial review of expedited removal orders, Congress expressly disallowed class actions.  *See* 8 U.S.C. § 1252(e)(1)(B).  Accordingly, Plaintiffs should not be permitted to add additional parties where those parties otherwise received independent credible fear determinations based on their own unique facts and circumstances.

## II.     Joining The Family Unit Would Prejudice Defendants And May Delay The Resolution of Plaintiffs' Lawsuit.

In addition to Rule 20(a)'s first prong, courts also may consider whether joining additional parties would prejudice any party, or result in undue delay.  *See M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002).  Here, the administrative stay entered in this matter, which currently applies to approximately 200 aliens, has imposed considerable restraints on the operations of Immigrations and Customs Enforcement ("ICE") since September 25, 2019.  Permitting the addition of new aliens to this action—who would be covered by administrative stay of removal and thus ICE would be prevented from removing them pursuant to removal orders—would not only further complicate the government's administration of expedited removal actions, but it would also encourage and potentially open the door for any number of new plaintiffs seeking to mount similar challenges under section 1252(e)(3).

Moreover, Plaintiffs have already twice amended their complaint and briefing has now concluded regarding Plaintiffs' TRO motion and Defendants' motion to dismiss.  As noted above, it is entirely unclear how the addition of a new family unit affects Plaintiffs' existing claims based on the alleged policies at the South Texas Family Residential Center.  Indeed, especially if Plaintiffs now seek to expand their claims to include allegations and policies at

different facilities, Plaintiffs' unexplained pivot to include a family unit detained at the Berks County facility will likely slow rather than expedite the resolution of Plaintiffs' lawsuit.

**III.     Joinder and Amendment to Add The Family Unit Would Be Futile.**

Joinder of the family unit would also be futile.  Futility is also a ground on which to deny a motion to join a plaintiff where the prospective plaintiffs' claims would not survive a motion to dismiss because of a time limitation.  *See Breen v. Chao*, Civ. A. No. 05-0654, 2019 WL 1304327, at *2 (D.D. C. Mar. 21, 2019); *see also James Madison Ltd. By Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  As explained in Defendants' motion to dismiss, Congress has limited judicial review of orders of expedited removal to those "filed no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure . . . is first implemented."  8 U.S.C. § 1252(e)(3)(C); *see* Defs.' Mem. (ECF No. 72-1) at 21-23.

Here, the family unit was interviewed on February 25, 2020, *see* D.A.B. Statement ¶ 1, which occurred more than 70 days after Plaintiffs filed their most recent amended complaint, *see* 2d Am. Compl. (ECF No. 54), and even longer since the last relevant alleged policy was first implemented.  Other than challenging the 60-day bar generally, Plaintiffs make no attempt to demonstrate that the family unit has satisfied the 60-day requirement for any of the eight alleged actions they purport to challenge.  Therefore, joinder and amendment should not be permitted. *See Am. Immigration Lawyers Ass'n v. Reno*, 18 F. Supp. 2d 38, 47 (D.D.C. 1998) (finding that new plaintiffs in an amended complaint were time barred because the statutory 60-day deadline is jurisdictional), *aff'd* 199 F.3d 1352 (D.C. Cir. 2000).  Accordingly, the family unit's claims do not "relate back" to the earlier-filed action.  *See* Fed. R. Civ. P. 15(c); *Griffin v. District of Columbia*, Civil Action No. 93-2617 (PLF), 1996 WL 294280, at *1 n.1 (D.D.C. May 29, 1996) (explaining that the granting of a joinder motion "does not resuscitate claims that are barred by

the statute of limitations.").  And, as noted above, Plaintiffs' have failed to demonstrate that the family unit's claims arose out of the same conduct, transaction, or occurrence.  Accordingly, joinder should not be permitted because the INA's 60-day jurisdictional bar forecloses the family unit's claims.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiffs' motion for permissive joinder.

Dated April 1, 2020                    Respectfully submitted,

                                       TIMOTHY J. SHEA, D.C. Bar. No. 437437
                                       United States Attorney

                                       DANIEL VAN HORN, D.C. Bar # 924092
                                       Chief, Civil Division

                                       /s/ Christopher C. Hair
                                       CHRISTOPHER C. HAIR, PA Bar # 306656
                                       Assistant United States Attorney
                                       Civil Division
                                       United States Attorney's Office
                                       555 4th Street, N.W.
                                       Washington, D.C. 20530
                                       Telephone:  (202) 252-2541
                                       Email:  christopher.hair@usdoj.gov

                                       Counsel for Defendants