# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.M.V., et al., ) | |
| ) | Case No. 1:19-cv-2773 |
| Plaintiffs, ) | |
| ) | Hon. Amy Berman Jackson |
| v. ) | |
| ) | |
| WILLIAM P. BARR, Attorney General of the ) | |
| United States; et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION TO ADD PLAINTIFFS PURSUANT TO F.R.C.P. 20(a) and 21

Plaintiffs M.M.V., et al., move to add the parties below, whose full names and Alien numbers have been disclosed to the Defendants, as Plaintiffs to this action pursuant to Federal Rules of Civil Procedure 20(a) and 21, and to add them to the Administrative Stay currently in place. In support of their motion, Plaintiffs state as follows:

1. Proposed additional Plaintiffs R.S.P., a mother, and her children F.P.P. and C.P.P. from Guatemala, are currently detained at the South Texas Family Residential Center after having sought protection from persecution and torture in the United States.

2. Proposed additional Plaintiffs I.C.T., a mother and her child V.T.P. from Guatemala, are currently detained at the South Texas Family Residential Center after having sought protection from persecution and torture in the United States.

3. Proposed additional Plaintiffs I.E.B., a mother, and her child B.E. from Guatemala are currently detained at the South Texas Family Residential Center after having sought protection from persecution and torture in the United States.

4. Proposed additional Plaintiffs M.V.G., a mother, and her children D.M.V. and J.M.V. from Guatemala are currently detained at the South Texas Family Residential Center after having sought protection from persecution and torture in the United States.

5. Proposed additional Plaintiffs M.P.T. a mother, and her children A.A.P. and H.A.P. from Guatemala are currently detained at the South Texas Family Residential Center after having sought protection from persecution and torture in the United States.

6. Proposed additional Plaintiffs Z.L., a mother, and her child J.C.L. from Ecuador are currently detained at the South Texas Family Residential Center after having sought protection from persecution and torture in the United States.

7. Proposed additional Plaintiffs V.P.M., a mother, and her children S.L.P., N.L.P. and E.L.P. from Guatemala are currently detained at the South Texas Family Residential Center after having sought protection from persecution and torture in the United States.

8. Proposed additional Plaintiffs J.H.R., a mother, and her child A.M.H. from Guatemala are currently detained at the South Texas Family Residential Center after having sought protection from persecution and torture in the United States.

9. Proposed additional Plaintiffs A.Q.L., a mother, and her child, A.G.Q. from Guatemala are currently detained at the South Texas Family Residential Center after having sought protection from persecution and torture in the United States.

10. Having never receiving a proper credible fear interview ("CFI") process, the proposed additional Plaintiffs are scheduled for immediate or imminent expedited removal.

11. Notice of counsel for Plaintiffs' intent to file this motion to add these proposed additional Plaintiff families to the action and to the administrative stay was given to counsel for the Defendants, and their consent sought. Defendants have opposed all prior motions, but have not responded to the e-mail regarding this motion.

12. As an initial matter, the proposed additional Plaintiffs contend that they were subjected to the Challenged Actions as follows:

   a. They received no meaningful orientation as required by, e.g., 8 C.F.R. §§ 235.3(b)(4), 208.30(d)(2);
   b. Their credible fear interviews CFIs were conducted by improperly trained agents, violating, e.g., 8 U.S.C. § 1225(e); 8 C.F.R. § 208.1.
   c. The officers made summary decisions on their cases mid-interview, ending further discussion or meaningful supervisory review, thwarting, e.g., 8 C.F.R. §§ 208.30(d), 208.30(e)(7), 235.3(b)(2), (b)(7);
   d. The officers did not probe all relevant facts, leaving an incomplete record on review, thwarting, e.g., 8 C.F.R. §§ 208.30(d), 208.30(e)(7), 235.3(b)(2), (b)(7);
   e. The officers conducting the interviews used adversarial interrogation techniques, violating, e.g., 8 C.F.R. § 208.30(d);

  f. Their interviews occurred without meaningful notice, prejudicing the right of consultation under, e.g., 8 U.S.C. § 1225(b)(1)(B)(iv); 8 C.F.R. § 208.30(d)(4);

  g. The RFI-standard interrogation proceeded without meaningful advance notice, orientation, or consultation with counsel afforded to 8 U.S.C. § 1231 interviewees;

  h. The officer(s) ignored the injunction in Grace v. Whitaker, 344 F. Supp. 3d 96 (D.D.C. 2018) and applied the law of their choosing;

  i. The officers withheld the bases on which negative determinations were made, violating, e.g., 8 CFR 208.30(e)(1); and

  j. Children were subjected to law-enforcement style interrogationsin violation of, e.g., 8 C.F.R. § 208.30(d).

  13. The proposed additional Plaintiffs, like the Plaintiffs in the Second Amended Complaint, contend that the Challenged Actions to which they have been subjected were not properly adopted for multiple reasons, including that they were undertaken by the unlawfully appointed purported U.S. Citizenship and Immigration Director Kenneth T. Cuccinelli, now titled "Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services; Director (vacant)" in violation of the Federal Vacancies Reform Act, have not been properly adopted, and therefore the 60-day tolling provision in 8 U.S.C. § 1252(e)(3)(B) has not begun to run, thus these agency actions are rogue and unauthorized.

  14. The proposed additional Plaintiffs, like the Plaintiffs in the Second Amended Complaint, contend that the Challenged Actions to which they have been subjected violate the Immigration and Nationality Act and the Refugee Act and related regulations, and are contrary to law under the APA for multiple reasons which include:

- That they conflict with the definition of "refugee," *see* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A) and implement standards for fear that are higher than that required by law;
- That they conflict with the required procedures and standards for an Asylum Officer to conduct and memorialize interviews under 8 U.S.C. § 1225(b)(1)(B, E), including by failing to have an appropriately trained Asylum Officer apply the required procedures and fear standard;
- That they represent a departure from the agency's longstanding policy without an acknowledgment of or a reasoned explanation for that departure;

- That they were taken without proper authorization as required by law; and
- That they deprive applicants of a meaningful opportunity to establish their potential eligibility for asylum, withholding of removal, and CAT relief pursuant to 8 U.S.C. §§ 1158(b)(1), 1225(b)(1)(B), and 1231; *see also FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009).

15. The proposed additional Plaintiffs, like the Plaintiffs in the Second Amended Complaint, contend that Defendants are violating Plaintiffs' right to due process in numerous respects, including by foreclosing their claims regardless of their individual facts or merits; by applying an unlawful, more burdensome standard to Plaintiffs' claims than legally required; by depriving them of required procedures and standards for an Asylum Officer to conduct interviews under 8 U.S.C. § 1225(b)(1)(B), (E) and ultimately by depriving them of an accurate, fair, unbiased, and complete evidentiary record of the assessment of their fear and thus of a meaningful opportunity to establish their potential eligibility for asylum and related relief.

16. The proposed additional Plaintiffs, like the Plaintiffs in the Second Amended Complaint, contend that Defendants have violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, which provides that a court "shall hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, [or] an abuse of discretion…." As laid out in the Second Amended Complaint, the Challenged Actions are arbitrary and capricious and constitute abuses of discretion in that by implicitly altering the standards that apply in CFIs and RFIs, inhibiting legitimate applicants for asylum, withholding of removal, and CAT protection from exercising rights and using procedures afforded to them by law, the Defendants have placed the Plaintiffs at increased risk of persecution and/or torture, i.e., the opposite result that the law is designed and intended to reach.

17. The proposed additional Plaintiffs, like the Plaintiffs in the Second Amended Complaint, contend that the Defendants are violating the treaty and statutory obligations of the United States of non-refoulement in their intent to return the Plaintiffs to harm.

18. Pursuant to F.R.C.P. Rule 20(a) "[J]oinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The requirements for permissive joinder under Rule 20(a) r first prong, the parties' claims must merely be logically related. *See Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (*citing Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)). To satisfy the second

prong, some common question of law or fact must be common among the plaintiffs' claims, but not "all legal and factual issues [need] be common to all the plaintiffs." *Disparte*, 223 F.R.D. at 11.

19. For example, both prongs were satisfied where the challenged conduct was an alleged company-wide pattern of discrimination, *see Disparte*, 223 F.R.D. at 16, or a district policy of reducing fee awards, *Parks*, 275 F.R.D. at 19, despite that various officers may have engaged in the accused conduct differently with respect to different plaintiffs.

20. F.R.C.P. Rule 21 affirms that the court has the authority to add new parties at any time. Absent prejudice to an existing party, undue delay, or bad faith, leave to add should be freely and routinely given. *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997). *See also Helene Curtis Industries, Inc. v. Sales Affiliates, Inc.*, 105 F. Supp. 886, 901 (S.D.N.Y. 1952) (the addition of parties is a "matter to be treated liberally").

21. As the Court observed in *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952), a contrary rule "would entail needless waste and runs counter to effective judicial administration." *See also* Charles Alan Wright et al., 7 Federal Practice and Procedure § 1681, 473 (3d ed. 2001) (Rule 21 "provides the courts with a valuable procedural device that can be used to avoid multiple litigation and to promote liberal joinder of parties").

22. In the alternative, the proposed additional Plaintiffs intend to file a separate lawsuit with the Court, for which we would then file an "Administrative Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court" to relate that litigation to this case, which would presumably result in assignment to and consolidation before this court. Adding these Plaintiffs to this litigation now Complaint promotes efficiency and avoids the need for seriatim litigation.

23. Granting Plaintiffs' motion at this stage would cause neither prejudice nor delay since the putative Plaintiffs do not seek to raise new claims.

24. Counsel for the Plaintiffs will move to file an updated and consolidated list of the original, additional, and proposed additional Plaintiffs under seal no later than April 20, 2020.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion to Add Plaintiffs be granted.

                                           Respectfully Submitted,

Dated: April 23, 2020               By:    /s/Amy Maldonado
                                                 *Amy Maldonado (IL Bar No. 6256961)
                                                 Law Office of Amy Maldonado
                                                 333 Albert Avenue, Ste. 610
                                                 East Lansing, MI 48823
                                                 Phone: (517) 803-2870
                                                 Fax: (888) 299-3780
                                                 E-mail: amy@amaldonadolaw.com

                                                 ATTORNEY FOR PLAINTIFFS

                                                 *_Admitted pro hac vice_